UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF WASHINGTON

| | |
|---|---|
| JOHN ADRAIN,<br><br>    Plaintiff,<br><br>    v.<br><br>WELLS FARGO BANK, N.A.; QUALITY LOAN SERVICE OF WASHINGTON, INC.; and HSBC BANK USA, N.A.,<br><br>    Defendants. | No. 2:16-cv-00142-SAB<br><br>**ORDER DENYING MOTION TO REMAND AND DENYING COSTS** |

    Before the Court is Plaintiff's Motion for Remand, ECF No. 5, filed on June 3, 2016. Defendants removed this case from Spokane County Superior Court, Case No. 16-2-01225-1, to this Court, on May 4, 2016. ECF No. 1. For the reasons set forth below, Plaintiff's requests to remand and for costs are **DENIED.**

    The strong presumption against removal means that the defendant has the burden of establishing, by a preponderance of the evidence, that removal is proper. *Gaus v. Miles, Inc.*, 980 F.2d 564, 566 (9th Cir. 1992). 28 U.S.C. § 1441(a) allows a defendant to remove a case from a state court to a federal district court so long as the district court has "original jurisdiction." 28 U.S.C. § 1332(a)(1) grants subject matter jurisdiction to this Court when there is diversity of citizenship of parties, and the amount in controversy exceeds $75,000.

//

**ORDER DENYING MOTION TO REMAND AND DENYING COSTS** ~ 1

The Court concludes that diversity of citizenship exists. The Court takes notice that Plaintiff is a citizen of Washington; that Defendant Wells Fargo Bank, N.A., is a citizen of South Dakota; and that Defendant HSBC Bank, USA, N.A., is a citizen of New York. *See* Notice of Removal, ECF Doc. 1.

The Court also finds that Defendant Quality Loan Service of Washington, Inc. is a nominal defendant. Federal courts must disregard formal or nominal parties when considering diversity of citizenship for subject matter jurisdiction. *Navarro Sav. Ass'n v. Lee*, 446 U.S. 458, 461, 100 S. Ct. 1779, 64 L. Ed. 2d 425 (1980). A nominal defendant is one "who holds the subject matter of the litigation in a subordinate or possessory capacity and to which there is no dispute." *SEC v. Colello*, 139 F.3d 674, 676 (9th Cir. 1998). Most courts consider trustees in foreclosure suits as nominal parties, unless plaintiffs have alleged direct and substantive claims against them. *Prasad v. Wells Fargo Bank, N.A.*, No. C11-894-RSM, 2011 WL 4074300, at *4 (W.D. Wash. Sept. 13, 2011); *see also McPherson v. Purdue*, 21 Wn. App. 450 (1978).

The Court concludes that for purposes of remand, Quality Loan Service has no interest in the proceedings outside its duties assigned in the deed of trust. Stipulation Non-Participation, ECF Doc. 4, Ex. A ¶ 2 ("Quality has been named in the above-entitled actions solely in its capacity as Trustee under the deed of Trust"). Additionally, Plaintiff has not raised a substantive allegation against Quality Loan Service for purposes of remand. The only specific cause of action directed at Quality Loan Service, for breach of fiduciary duty, fails to show by a preponderance of the evidence that remand is proper because there is a strong possibility that the allegation will fail as a matter of law. Complaint, ECF Doc. 4, Ex. A ¶ 46 (Plaintiff's complaint stating "Defendant Quality Loan has breached its duty of good faith owed to Plaintiff"); RCW 61.24.010(3) ("trustee or successor trustee shall have no fiduciary duty or fiduciary obligation to the grantor or other persons having an interest in the property subject to the deed of trust").

**ORDER DENYING MOTION TO REMAND AND DENYING COSTS** ^ 2

1 Without a stake and any real claims, Quality Loan Service is a neutral and
2 nominal defendant, not recognized for diversity jurisdiction. Thus, because
3 Plaintiff is a citizen of Washington, and because Defendants are citizens of South
4 Dakota and New York, there is complete diversity of citizenship for purposes of
5 28 U.S.C. § 1332(a)(1).
6 Additionally, Plaintiff has claimed over $75,000 in this case. *See* Notice of
7 Removal, ECF Doc. 1 ¶ 4 (Plaintiff does not quantify amount of damages sought
8 but amount in controversy is Plaintiff's loan for $652,000). Because there is
9 complete diversity, and the amount in controversy exceeds $75,000, the Court has
10 subject matter jurisdiction and is unable to remand; the motion to remand is
11 **DENIED**.
12 The Court has broad discretion to award fees and costs, but in this
13 circumstance costs are appropriate only if the removing party lacks an objectively
14 reasonable basis in seeking removal. *Martin v. Franklin Capital Corp.*, 546 U.S.
15 132, 141, 126 S. Ct. 704, 163 L. Ed. 2d 547 (2005). Because the case will not be
16 remanded, an award of costs is improper, 28 U.S.C. § 1447(c), and the Plaintiff's
17 request is **DENIED.**
18 //
19 //
20 //
21 //
22 //
23 //
24 //
25 //
26 //
27 //
28 //

**ORDER DENYING MOTION TO REMAND AND DENYING COSTS** ^ 3

Accordingly, **IT IS HEREBY ORDERED:**

1. Plaintiff's Motion to Remand, ECF No. 5, is **DENIED.**

2. Plaintiff's request to award costs is **DENIED.**

3. If there are allegations that a Defendant acted in contempt of the injunction, currently in force under this Court's jurisdiction, this Court is now the correct venue for any motion for contempt.

**IT IS SO ORDERED.** The District Court Executive is hereby directed to file this Order and provide copies to counsel.

**DATED** this 27th day of July, 2016.



_____
Stanley A. Bastian
United States District Judge

**ORDER DENYING MOTION TO REMAND AND DENYING COSTS ^ 4**