1  Valerie I. Holder, WSBA No. 42968
   **Keesal, Young & Logan**
2  1301 Fifth Avenue, Suite 3100
   Seattle, Washington 98101
3  Telephone: (206) 622-3790
   Facsimile: (206) 343-9529
4

5  **UNITED STATES DISTRICT COURT**

6  **FOR THE EASTERN DISTRICT OF WASHINGTON**

| | |
|---|---|
| 7  JOHN ADRAIN, an Individual, | ) Case No. 2:16-cv-00142-SAB |
| 8  Plaintiff, | ) **WELLS FARGO AND HSBC BANK,** |
| | ) **USA, AS TRUSTEE'S REPLY IN** |
| 9  vs. | ) **SUPPORT OF THEIR MOTION** |
| | ) **FOR SUMMARY JUDGMENT** |
| 10 WELLS FARGO BANK, N.A., a | ) |
|    foreign corporation; QUALITY LOAN | ) NOTED FOR HEARING: |
| 11 SERVICE CORPORATION OF | ) September 26, 2018 at 2:15 p.m. |
|    WASHINGTON, INC., a Washington | ) Location: Yakima Courthouse |
| 12 corporation; and HSBC BANK USA, | ) 25 S. 3rd St., Courtroom 203 |
|    N.A., a Maryland corporation, | ) Yakima, WA 98901 |
| 13 | ) |
|    Defendants. | ) With Oral Argument |
| 14 | ) |
| | ) The Honorable Stanley A. Bastian |
| 15 | ) |

Case No.: 2:16-CV-00142-SAB
WELLS FARGO AND HSBC BANK, USA, AS
TRUSTEE'S REPLY IN SUPPORT OF THEIR MOTION
FOR SUMMARY JUDGMENT

KEESAL, YOUNG & LOGAN
1301 FIFTH AVENUE, SUITE 3100
SEATTLE, WASHINGTON 98101
(206) 622-3790

## I. SUMMARY OF REPLY

Plaintiff has buried the Court in paper to give the illusion of a material dispute where none exists. He made little effort to identify specific facts that could create a genuine issue for trial. Plaintiff's strategy of "throw it all at the wall and see what sticks" is ineffective and a waste of the Court's time and resources.

Nowhere in the mountain of papers filed by Plaintiff is there any evidence disputing the following material facts:

1. ***Plaintiff does not (and cannot) dispute that the investor to his loan prohibits the servicer, Wells Fargo, from modifying his loan.***

2. ***Plaintiff does not (and cannot) dispute that he failed to make the November 2012 mortgage payment.***

3. ***The mediator certified the parties, including Wells Fargo, attended the FFA mediation in good faith.***

In opposing summary judgment, Plaintiff was required to come forward with *specific facts* proving that the conduct of Wells Fargo was unfair or deceptive. Plaintiff did not do this. He failed to carry his burden of showing that an unfair or deceptive practice occurred. He also presented no evidence whatsoever of a public impact. Plaintiff's failure to prove even one of these elements is fatal to his CPA claim. Likewise, Plaintiff points to no specific evidence sufficient to prove his negligent misrepresentation claim. Instead of citing specific evidence, as is required, Plaintiff relies on his own entirely self-serving declaration. Plaintiff failed to meet his burden and entry of judgment as a matter of law is appropriate.

Case No.: 2:16-CV-00142-SAB
WELLS FARGO AND HSBC BANK, USA, AS
TRUSTEE'S REPLY IN SUPPORT OF THEIR MOTION
FOR SUMMARY JUDGMENT - 1

KEESAL, YOUNG & LOGAN
1301 FIFTH AVENUE, SUITE 3100
SEATTLE, WASHINGTON 98101
(206) 622-3790

## II. ARGUMENT

### A. Plaintiff Fails to Provide Evidence Supporting his CPA Claim.

Plaintiff fails to adequately demonstrate a genuine issue of material fact sufficient to prevent summary judgment. For Plaintiff to avoid summary judgment of his CPA claim, he was required to establish: (1) an unfair or deceptive act or practice; (2) occurring in trade or commerce; (3) that impacts the public interest; (4) causes injury to Plaintiff's business or property; and (5) that injury is casually linked to the unfair or deceptive act. *Hangman Ridge Training Stables, Inc., v. Safeco Title Ins. Co.*, 105 Wn.2d 778, 780 (1986). The failure to establish a single element is fatal. Plaintiff failed to meet his burden.

#### 1. Plaintiff Cites to no Authority Allowing him to Challenge the Mediator's Certificate and Provides no Evidence to Support his Allegation.

There is no authority which allows Plaintiff to challenge a FFA mediator's certificate of good faith. Indeed, Plaintiff cites to none. Without any authority to do so, Plaintiff seeks to flip the mediator's certificate on its head alleging that Wells Fargo did not participate in mediation in good faith. In doing so, Plaintiff misrepresents case law and ignores the evidence before him.

First, Plaintiff cites to *Sergeant v. Bank of Am., N.A.*, 2018 U.S. Dist. LEXIS 47568 (W.D. Wash. Mar. 23, 2018), for the proposition that to successfully argue that a party did not mediate in good faith, the plaintiff must provide authority and a plausible argument that it is a reasonable extension of the law. (Opp., p.7.) The case does not stand for such a proposition. There, the plaintiff homeowners also attempted to argue that the bank failed to mediate in good faith despite the

Case No.: 2:16-CV-00142-SAB
WELLS FARGO AND HSBC BANK, USA, AS
TRUSTEE'S REPLY IN SUPPORT OF THEIR MOTION
FOR SUMMARY JUDGMENT - 2

KEESAL, YOUNG & LOGAN
1301 FIFTH AVENUE, SUITE 3100
SEATTLE, WASHINGTON 98101
(206) 622-3790

mediator's certificate stating otherwise. The court noted that the plaintiffs "provide no authority for this position and fail to provide any plausible argument that this is a reasonable extension of current law." *Id*. at *10. In granting defendants' motion for judgment on the pleadings, the court held that "[i]n the absence of any allegation that the mediator was biased or otherwise engaged in some act that undermines the veracity of his certification, the [plaintiffs'] argument is wholly without merit." *Id*. It did not provide authority or state the procedure under which a homeowner can challenge a mediator's certificate, just what was required to potentially survive the motion for judgment on the pleadings. Plaintiff has done no better. Plaintiff cites to no authority for this position, and points to no evidence, other than his self-serving declaration. *See FTC v. Publ'g Clearing House, Inc.*, 104 F.3d 1168, 1171 ("A conclusory, self-serving affidavit, lacking detailed facts and any supporting evidence, is insufficient to create a genuine issue of material fact"). This is insufficient.

Plaintiff also purports to rely on *Frias v. Asset Foreclosure Services, Inc.*, 181 Wn.2d 412 (2014), but he misrepresents the facts and holding in that case. *Frias* makes no mention of a homeowner's ability or right to challenge a mediator's certificate. Rather, the issue before the Washington Supreme Court was whether a plaintiff may state a claim for damages relating to a breach of duties under the Deeds of Trust Act ("DTA") in the absence of a completed trustee's sale. While a FFA mediation was addressed, the "mediator determined U.S. Bank had ***not*** participated in mediation in good faith." *Id*. at 418 (emphasis added). *Frias* does nothing to support or further Plaintiff's position that he can challenge the

Case No.: 2:16-CV-00142-SAB
WELLS FARGO AND HSBC BANK, USA, AS
TRUSTEE'S REPLY IN SUPPORT OF THEIR MOTION
FOR SUMMARY JUDGMENT - 3

KEESAL, YOUNG & LOGAN
1301 FIFTH AVENUE, SUITE 3100
SEATTLE, WASHINGTON 98101
(206) 622-3790

mediator's certification that Wells Fargo participated in good faith.

Plaintiff asks this Court to make the illogical leap to conclude that Wells Fargo participated in the FFA mediation in bad faith (despite the mediator's certification to the contrary) simply because Wells Fargo would not succumb to Plaintiff's demands to lower the interest rate, reduce the principal balance, and forgive his arrears and further to conclude that such conduct grants Plaintiff a *per se* CPA claim. The evidence and case law do not support this position.

In *Frias*, the plaintiff, relying on the mediator's certificate certifying bad faith conduct of the bank, alleged that she had been injured as a result the bank's bad faith at mediation. In deciding whether the plaintiff has a claim for monetary damages under the DTA before a foreclosure sale has occurred, the court held that "[w]here a more favorable loan modification would have been granted but for bad faith in mediation, the borrower may have suffered an injury to property within the meaning of the CPA." *Id*. at 431-32. Importantly, *Frias* **does not** create a general duty to review loan modifications in any particular way. It stands **only** for the proposition that if a loan modification **would have been obtained** but for the lender's bad faith participation at an FFA mediation, then there **might** be a valid CPA claim.

Here, it is undisputed that Plaintiff could not have received a HAMP modification, or any other modification to the terms of his loan. This information was well-known to Plaintiff. Thus, regardless of whether Wells Fargo participated in the mediation in bad faith, which it did not, Plaintiff was not injured by the outcome because a modification of his loan was not possible. This is unlike *Frias*.

Case No.: 2:16-CV-00142-SAB
WELLS FARGO AND HSBC BANK, USA, AS
TRUSTEE'S REPLY IN SUPPORT OF THEIR MOTION
FOR SUMMARY JUDGMENT - 4

KEESAL, YOUNG & LOGAN
1301 FIFTH AVENUE, SUITE 3100
SEATTLE, WASHINGTON 98101
(206) 622-3790

Plaintiff was never going to receive a modification of his loan. Nevertheless, Plaintiff was offered an alternative workout at mediation, which he declined to accept.

Plaintiff, turning a blind eye to the evidence presented by Defendants, continues to allege without support that Wells Fargo failed to provide the statutorily required documents. The submitted evidence conclusively proves otherwise. McCarthy Holthus declared that the required beneficiary documents were timely provided, supporting that testimony with the email transmitting the documents to Robert Redmond, counsel for Plaintiff, and the mediator, as well as the documents themselves. (ECF No. 73-6). Plaintiff simply ignores this evidence presumably because it cuts directly against his claim.

Similarly, Plaintiff argues that Wells Fargo was habitually unprepared for the mediation. This too is demonstrably false. (See e.g., ECF No. 79-50) (April 6, 2015 email requesting additional documents (at 25-26); April 20 email following-up on requested documents (at 23-24); May 5 email requesting proof of occupancy (at 21); June 18 email stating clarification on occupancy of the property remains outstanding (at 15). Plaintiff's feeble attempt to argue mediator bias is self-serving, without basis, and more importantly, of no consequence.

However, even if Wells Fargo failed to timely provide its disclosures and was habitually unprepared for the mediation, Plaintiff has not, and cannot, show that he was injured by this, which is required even under a *per se* CPA claim. Plaintiff requested to attend mediation in the hopes he could force Wells Fargo into accepting his desired loan terms. Plaintiff knew that Wells Fargo could not modify

Case No.: 2:16-CV-00142-SAB
WELLS FARGO AND HSBC BANK, USA, AS
TRUSTEE'S REPLY IN SUPPORT OF THEIR MOTION
FOR SUMMARY JUDGMENT - 5

KEESAL, YOUNG & LOGAN
1301 FIFTH AVENUE, SUITE 3100
SEATTLE, WASHINGTON 98101
(206) 622-3790

his loan. He was notified of this back in April 2012. He was offered an alternative work-out option, which he declined. Plaintiff was not injured as a result of the mediation, and points to no evidence that he was.

### 2. Plaintiff Points to no Specific Evidence of an Unfair or Deceptive Act.

An act is only deceptive if it has the capacity to deceive a substantial portion of the public. *Hangman Ridge Training Stables, Inc. v. Safeco Title Ins. Co.*, 105 Wn.2d 778, 785 (1986). Similarly, an act can be "unfair" if it "causes or is likely to cause substantial injury to consumers which is not reasonably avoidable by consumers themselves and not outweighed by countervailing benefits." *Klem*, 176 Wn.2d at 787. What these definitions require—and what is lacking from Plaintiff's response—is a capacity to impact the broader public. Indeed, the purpose of the Washington CPA is to "protect the public and foster fair and honest competition." RCW 19.86.920. Plaintiff's opposition omits any discussion, much less evidence, of how the alleged conduct of Defendants impacts the broader public.

Plaintiff alleges that Wells Fargo repeatedly and consistently requested duplicative information from him and made false representations. Plaintiff points to no specific evidence of such conduct. Instead, Plaintiff relies only on his own self-serving declaration that he provided documents multiple times. Even if Wells Fargo did request duplicative documents, Plaintiff provides not a scintilla of evidence that this act somehow affects the population at large. He points to no evidence that the alleged representations and acts were made to any other person or that they were a routine part of Wells Fargo's loan modification program. This

Case No.: 2:16-CV-00142-SAB
WELLS FARGO AND HSBC BANK, USA, AS
TRUSTEE'S REPLY IN SUPPORT OF THEIR MOTION
FOR SUMMARY JUDGMENT - 6

KEESAL, YOUNG & LOGAN
1301 FIFTH AVENUE, SUITE 3100
SEATTLE, WASHINGTON 98101
(206) 622-3790

failure is fatal to Plaintiff's CPA claim.

In *Ringler v. Bishop White Marshall and Weibel*, the borrowers claimed that the banks "engaged in a deceptive act in violation of the CPA…when they denied [the plaintiffs'] requests for a loan modification or short sale." *Ringler v. Bishop White Marshall and Weibel*, No. C13-5020BHS, 2013 U.S. Dist. LEXIS 60929, at *7 (W.D. Wash. Apr. 29, 2013). But even when that allegation was accepted as true, the court granted defendants motion to dismiss and held that the plaintiffs' CPA claim failed. *Id*. at *8. The court found that to infer the denial of a request for loan modification or short sale "had the capacity to deceive a substantial portion of the public [was] unreasonable." *Id*; *See also Haberling v. JPMorgan Chase Bank*, 2012 Wash. App. LEXIS 2935 at *10-12 (Wash. COA, Div. I, Dec. 24, 2012) (affirming the trial court's grant of summary judgment finding Heberling pointed to "no evidence that the representations were made to any other person or that they were otherwise a routine part of Chase's loan modification program.").

Similarly here, Plaintiff's asserted unfair or deceptive acts involve only individual transactions between him and Wells Fargo. Plaintiff has done nothing to establish any facts showing his private negotiations had the capacity to deceive the public. Nor does he site to a single Washington case finding that private loan modification negotiations can constitute an "unfair or deceptive act" for purposes of the CPA.

The evidence shows that Plaintiff's loan was reviewed, and Wells Fargo determined that due to investor restrictions his loan could not be modified under HAMP or any other program. Plaintiff was notified of this orally and verbally in

Case No.: 2:16-CV-00142-SAB
WELLS FARGO AND HSBC BANK, USA, AS
TRUSTEE'S REPLY IN SUPPORT OF THEIR MOTION
FOR SUMMARY JUDGMENT - 7

KEESAL, YOUNG & LOGAN
1301 FIFTH AVENUE, SUITE 3100
SEATTLE, WASHINGTON 98101
(206) 622-3790

April 2012.  (ECF No. 74, ¶¶ 9, 10).  Plaintiff was also notified that if he wanted to re-apply for HAMP or other workout options, he would have to resubmit all of the required documents.  (ECF No. 74-8 at 4; ECF No. 79-8 at 2; *see also* ECF No. 79-16 at 5, explaining documents can only be used 90 days from their receipt by Wells Fargo). Nothing about this is unfair or deceptive, colloquially or under the CPA.

Lastly, Plaintiff argues that it was unfair and deceptive for Wells Fargo to not provide notice of the sale of the deed of trust and to "provide a loan which contains the protections of HAMP and then later, without notice, sell it to an investor who refuses to allow HAMP protections to be used." (ECF No. 77 at 13:23-14:7). Neither of these allegations is asserted in Plaintiff's complaint, and he cannot raise new claims in his opposition to summary judgment.

Regardless, both allegations are meritless, and even if they weren't, Plaintiff fails to provide a single shred of evidence that either situation affected anyone other than himself.

Paragraph 20 of the Deed of Trust states:

> The Note or a partial interest in the Note (together with this Security Instrument) can be sold one or more times without prior notice to Borrower…If there is a change of the Loan Servicer, Borrower will be given written notice of the change…"

(ECF No. 16-2 at ¶ 20). Wells Fargo has at all times been the servicer for Plaintiff's loan, and services the loan on behalf of the investor. (ECF No. 74 at ¶ 4). Plaintiff was not entitled to notice of a sale of the note.

Plaintiff's loan did not contain the protections of HAMP when he entered into it in 2007.  HAMP was created in 2009 in response to the Great Recession.

Case No.:  2:16-CV-00142-SAB
WELLS FARGO AND HSBC BANK, USA, AS
TRUSTEE'S REPLY IN SUPPORT OF THEIR MOTION
FOR SUMMARY JUDGMENT - 8

KEESAL, YOUNG & LOGAN
1301 FIFTH AVENUE, SUITE 3100
SEATTLE, WASHINGTON 98101
(206) 622-3790

1 Plaintiff's loan predates HAMP and such protection was therefore impossible at origination.

### 3. Plaintiff Points to no Evidence of a Public Impact.

Summary judgment on Plaintiff's CPA claim is also appropriate because ***Plaintiff submitted no evidence whatsoever of public impact***. The fact that the defendant is a large national bank is insufficient to satisfy this element. *See Heberling v. JPMorgan Chase Bank*, 2012 Wash. App. LEXIS 2935 *13-15 (Dec. 24, 2012) (affirming the trial court's grant of summary judgment finding plaintiff provided "no evidence creating an issue of fact that Chase's conduct *does* in fact affect other homeowners.")(emphasis in original). Rather, a "private plaintiff must show that his lawsuit would serve the public interest." *Id*. at 605. It is only the "likelihood that additional plaintiffs have been or will be injured ***in exactly the same fashion*** that changes a factual pattern from a private dispute to one that affects the public interest." *Hangman Ridge* at 790 (emphasis added). Plaintiff points to no evidence that other persons were injured or could be injured ***in exactly the same fashion***. Instead, Plaintiff misstates Washington law and misconstrues other evidence in a desperate attempt to meet his burden.

Plaintiff incorrectly asserts that the Washington Supreme Court found the public interest element is "presumptively met when the bank is involved with an enormous number of mortgages in the country and our state." (ECF No. 77 at 14:18-20). In *Bain v. Metro. Mortg. Grp., Inc.*, 175 Wn.2d 83 (2012), the court found that if in fact language listing MERS as the beneficiary of a deed of trust is unfair or deceptive, it would have broad impact given that MERS is listed as the

Case No.: 2:16-CV-00142-SAB
WELLS FARGO AND HSBC BANK, USA, AS
TRUSTEE'S REPLY IN SUPPORT OF THEIR MOTION
FOR SUMMARY JUDGMENT - 9

KEESAL, YOUNG & LOGAN
1301 FIFTH AVENUE, SUITE 3100
SEATTLE, WASHINGTON 98101
(206) 622-3790

beneficiary on a number of mortgages in the country and in our state. *Id*. at 118. The court did ***not*** hold that the public interest element on all CPA claims against a national bank is satisfied simply because the bank has many customers.

In a desperate attempt to find some evidence that others have been harmed in exactly the same fashion, Plaintiff cites to Wells Fargo's recent Q-10 filing, which discloses an error in its modification tool that miscalculated "attorney's fees that were included for purposes of determining whether a customer qualified for a mortgage loan modification pursuant to the requirements of…[HAMP]." (ECF No. 77 at 17). Plaintiff falsely states that "[t]he error Wells Fargo identified is the same error and miscalculation Adrain experienced from 2011 through 2015." (ECF No. 77 at 17:11-13). The evidence establishes that Plaintiff was denied a HAMP modification due to investor restrictions, not because of some error relating to attorney fees. Plaintiff did not meet his burden and his desperation is palpable.

Similarly, Plaintiff's reliance on Wells Fargo's disclosure of a class action alleging it "improperly and unilaterally modified mortgages of borrowers who were debtors in Chapter 13 Bankruptcy cases" is also a red herring. There is no evidence that Plaintiff has ever filed for Chapter 13.

Lastly, Plaintiff complaint that Wells Fargo did not provide him with information regarding its other borrowers is misplaced and misleading. Wells Fargo objected to Plaintiff's discovery request, and the Court did not compel Wells Fargo to respond. Instead, the Court suggested counsel re-phrase the request and schedule a follow-up call if necessary. Plaintiff never served amended discovery requests on Wells Fargo.

Case No.: 2:16-CV-00142-SAB
WELLS FARGO AND HSBC BANK, USA, AS
TRUSTEE'S REPLY IN SUPPORT OF THEIR MOTION
FOR SUMMARY JUDGMENT - 10

KEESAL, YOUNG & LOGAN
1301 FIFTH AVENUE, SUITE 3100
SEATTLE, WASHINGTON 98101
(206) 622-3790

Plaintiff did not meet his burden, and his multiple failures are fatal to his CPA claim.

### B. Plaintiff's Negligent Misrepresentation Claim Fails.

To prevail on a negligent misrepresentation claim Plaintiff must provide evidence that Defendants (1) supplied false information, (2) that they knew was to guide Plaintiff in his business transactions; (3) they were negligent; (4) Plaintiff relied on the false information; (5) Plaintiff's reliance was reasonable; and (6) the false information proximately caused Plaintiff damages. Plaintiff was required to provide evidence in support of these elements, which he did not do. Thus, his claim must fail.

Indeed, Plaintiff alleges no facts that plausibly support a conclusion that Wells Fargo provided false information. Instead, he relies on bare assertions that Wells Fargo at times stated he was eligible for HAMP, while stating that he was not eligible at other times. Plaintiff provides no evidence in support of these assertions.

Plaintiff also alleges that on July 8, 2013, Wells Fargo promised Plaintiff he was HAMP eligible. This is a gross mischaracterization of the letter received. The letter states: "we're required to contact you to ensure you're aware of the federal government's Home Affordable Modification Program (HAMP) and other mortgage loan modification options and how they may help you." (ECF No. 79-11 at 2). Wells Fargo does not "promise" Plaintiff he is eligible for HAMP. However, even if Wells Fargo did, Plaintiff provides *no evidence* that he reasonably relied on this statement or that it proximately caused him any damages. Indeed, Plaintiff had

Case No.: 2:16-CV-00142-SAB
WELLS FARGO AND HSBC BANK, USA, AS
TRUSTEE'S REPLY IN SUPPORT OF THEIR MOTION
FOR SUMMARY JUDGMENT - 11

KEESAL, YOUNG & LOGAN
1301 FIFTH AVENUE, SUITE 3100
SEATTLE, WASHINGTON 98101
(206) 622-3790

already stopped making the payments on his loan by this time, which decision he made *after* Wells Fargo notified him it could not modify his loan.

Plaintiff's conclusory statements and mischaracterization of the evidence cannot save his claim. *FTC v. Publ'g Clearing House, Inc.*, 104 F.3d 1168, 1171 (9th Cir. 1990) ("A conclusory, self-serving affidavit, lacking detailed facts and any supporting evidence, is insufficient to create a genuine issue of material fact"). Furthermore, Plaintiff cannot rely on alleged false statements alone. Plaintiff failed to provide the Court with any specific evidence of false statements, and failed to provide any evidence supporting the remaining required elements of the claim. This is insufficient.

### C. Plaintiff Cannot Have a Standalone Claim for Violation of the FFA.

For the first time, Plaintiff asserts a separate stand-alone claim for violation of the Washington Foreclosure Fairness Act ("FFA"), RCW 61.24.163. Plaintiff cannot raise new claims in opposing summary judgment, and there is no authority for Plaintiff to assert a stand-alone claim for violation of the FFA.

The Washington Supreme Court held in *Frias* that a borrower cannot assert a claim for damages for violation of the DTA where no foreclosure sale has occurred. *Frias v. Asset Foreclosure Servs., Inc.*, 181 Wn.2d 412 (2014) (holding that the DTA, chapter 61.24 RCW, does not create an independent cause of action for monetary damages where no foreclosure sale has occurred). The FFA, RCW 61.24.163, is a subchapter of the DTA, chapter 61.24 RCW, and no foreclosure sale has occurred. Plaintiff's only recourse is to assert a claim under the CPA,

Case No.: 2:16-CV-00142-SAB
WELLS FARGO AND HSBC BANK, USA, AS
TRUSTEE'S REPLY IN SUPPORT OF THEIR MOTION
FOR SUMMARY JUDGMENT - 12

KEESAL, YOUNG & LOGAN
1301 FIFTH AVENUE, SUITE 3100
SEATTLE, WASHINGTON 98101
(206) 622-3790

which he has done but which claim also fails.

## III. <u>CONCLUSION</u>

For the foregoing reasons, Wells Fargo and HSBC Bank, USA as Trustee respectfully request that this Court dismiss Plaintiff's complaint with prejudice.

DATED this 22nd day of August, 2018.

/s/ Valerie I. Holder
**Valerie I. Holder, WSBA No. 42968**
Attorney for Defendants
Wells Fargo Bank, N.A. and
HSBC Bank USA, National Association as
Trustee for Wells Fargo Asset Securities
Corporation, Mortgage Pass-Through
Certificates, Series 2007-11
Keesal, Young & Logan
1301 Fifth Avenue, Suite 3100
Seattle, Washington 98101
Telephone: (206) 622-3790
Facsimile: (206) 343-9529
E-mail: valerie.holder@kyl.com

Case No.: 2:16-CV-00142-SAB
WELLS FARGO AND HSBC BANK, USA, AS
TRUSTEE'S REPLY IN SUPPORT OF THEIR MOTION
FOR SUMMARY JUDGMENT - 13

KEESAL, YOUNG & LOGAN
1301 FIFTH AVENUE, SUITE 3100
SEATTLE, WASHINGTON 98101
(206) 622-3790

## CERTIFICATE OF SERVICE

I hereby certify that on the date given below, I electronically filed the foregoing WELLS FARGO AND HSBC BANK, USA, AS TRUSTEE'S REPLY IN SUPPORT OF THEIR MOTION FOR SUMMARY JUDGMENT with the Clerk of the Court using the CM/ECF system which will send electronic notification of such filing to the following persons:

Kevin W. Roberts
Stephanie M. Faust
ROBERTS FREEBOURN, PLLC
1325 W. 1st Ave., Ste 303
Spokane, WA  99201-4600
Counsel for Plaintiff

DATED this 22nd day of August, 2018, at Seattle, Washington.

_Marcee Stone-Vekich_
Marcee Stone-Vekich

KYL4841-8511-3968.1

Case No.:  2:16-CV-00142-SAB
WELLS FARGO AND HSBC BANK, USA, AS TRUSTEE'S REPLY IN SUPPORT OF THEIR MOTION FOR SUMMARY JUDGMENT- 14