1  Valerie I. Holder, WSBA No. 42968
   **Keesal, Young & Logan**
2  1301 Fifth Avenue, Suite 3100
   Seattle, Washington 98101
3  Telephone: (206) 622-3790
   Facsimile: (206) 343-9529
4

5              **UNITED STATES DISTRICT COURT**

6           **FOR THE EASTERN DISTRICT OF WASHINGTON**

| | |
|---|---|
| 7  JOHN ADRAIN, an Individual, | Case No. 2:16-cv-00142-SAB |
| 8              Plaintiff, | **DEFENDANTS' RESPONSE AND OBJECTIONS TO PLAINTIFF'S STATEMENT OF MATERIAL FACTS** |
| 9       vs. | |
| 10 WELLS FARGO BANK, N.A., a foreign corporation; QUALITY LOAN SERVICE CORPORATION OF WASHINGTON, INC., a Washington corporation; and HSBC BANK USA, N.A., a Maryland corporation, | NOTED FOR HEARING: September 26, 2018 at 2:15 p.m. Location: Yakima Courthouse 25 S. 3rd St., Courtroom 203 Yakima, WA 98901 |
| 13              Defendants. | With Oral Argument |
| | The Honorable Stanley A. Bastian |

16  Defendants Wells Fargo and HSBC Bank as Trustee submit the following response and objections to Plaintiff's Statement of Material Facts:

## DEFENDANTS' RESPONSE AND OBJECTIONS TO PLAINTIFF'S STATEMENT OF MATERIAL FACTS

1. <u>Plaintiff's Fact No. 3:</u> This fact is not material to this motion. Defendants dispute the amount of the monthly mortgage payment.

2. <u>Plaintiff's Fact No. 6:</u> Includes facts not material to this motion.

Case No.: 2:16-CV-00142-SAB
DEFENDANTS' RESPONSE AND OBJECTIONS TO
PLAINTIFF'S STATEMENT OF MATERIAL FACTS - 1

KEESAL, YOUNG & LOGAN
1301 FIFTH AVENUE, SUITE 3100
SEATTLE, WASHINGTON 98101
(206) 622-3790

Relies on facts not in evidence.

3. <u>Plaintiff's Fact No. 7</u>: Includes facts not material to this motion. Disputed. Relies on facts not in evidence.

4. <u>Plaintiff's Fact No. 9</u>: These facts are not material to this motion. Disputed. Relies on facts not in evidence. Submitted documents signed under penalty of perjury are contradictory. *See* ECF No. 79-9 at 5, 79-12 at 6, 79-16 at 18, 79-16 at 43, 79-17 at 22, 79-28 at 14, 79-28 at 52.

5. <u>Plaintiff's Fact No. 11</u>: Includes facts not material to this motion. Disputed. Only one letter was included in Faust Ex. B.

6. <u>Plaintiff's Fact No. 12</u>: Disputed. None of the letters attached at Faust Ex. C contain conflicting information.

7. <u>Plaintiff's Fact No. 13</u>: Disputed. Relies on facts not in evidence. Best evidence rule. Plaintiff cites only to his deposition testimony. Defendants, however, do not dispute that Plaintiff received a letter stating that the investor has not given Wells Fargo the contractual authority to modify Plaintiff's loan. *See* ECF No. 74-5 at 2-3.

8. <u>Plaintiff's Fact No. 16</u>: Includes facts not material to this motion. Disputed. Relies on facts not in evidence. Defendants do not dispute that Plaintiff failed to make the November 2012 mortgage payment. *See* ECF No. 74 at ¶ 12.

9. <u>Plaintiff's Fact No. 17</u>: Includes facts not material to this motion. Disputed Relies on facts not in evidence.

10. <u>Plaintiff's Fact No. 19</u>: Includes facts not material to this motion. Disputed. Hearsay. Also, not supported by evidence before the court. The February

Case No.: 2:16-CV-00142-SAB
DEFENDANTS' RESPONSE AND OBJECTIONS TO
PLAINTIFF'S STATEMENT OF MATERIAL FACTS - 2

KEESAL, YOUNG & LOGAN
1301 FIFTH AVENUE, SUITE 3100
SEATTLE, WASHINGTON 98101
(206) 622-3790

6, 2013, letter from Robert Redmond to Wells Fargo does not state or mention "how frustrating it was for Wells Fargo to continue to request the same documentation Adrain had already submitted."

11. <u>Plaintiff's Fact No. 20:</u> Facts not material to this motion. Hearsay.

12. <u>Plaintiff's Fact No. 21:</u> Facts not material to this motion. Disputed. Lacks foundation. Relies on facts not in evidence.

13. <u>Plaintiff's Fact No. 23:</u> Disputed. Hearsay. Misstates contents of cited email. Mr. Walker did not find HAMP as well as other alternative mortgage solutions were available. Mr. Walker's email states "this is a MBS file – options are very limited…[s]ince the mortgagors loan is MBS file, and his current DTI is <38%, which is the target DTI, the only option available is a piggy back, in which the delinquent payments are converted two a second lien drawing no interest, the second lien then comes due upon the house being sold or the final payment coming due." *See* ECF No. 79-7 at 3.

14. <u>Plaintiff's Fact No. 24:</u> Includes facts not material to this motion. Disputed. Hearsay. Misrepresents content of letter. Defendants do not dispute that Ms. Lazaro sent Plaintiff a letter.

15. <u>Plaintiff's Fact No. 25:</u> Fact not material to this motion. Disputed. Misstates facts. Evidence shows Plaintiff provided the RMA form, but no other requested documents.

16. <u>Plaintiff's Fact No. 26:</u> Fact not material to this motion. Disputed. Hearsay. Misstates correspondence. Cited March 20, 2013 letter acknowledges receipt of documents and requests Plaintiff to gather additional documents to have

Case No.: 2:16-CV-00142-SAB
DEFENDANTS' RESPONSE AND OBJECTIONS TO
PLAINTIFF'S STATEMENT OF MATERIAL FACTS - 3

KEESAL, YOUNG & LOGAN
1301 FIFTH AVENUE, SUITE 3100
SEATTLE, WASHINGTON 98101
(206) 622-3790

handy when he calls Wells Fargo. *See* ECF No. 79-9 at 9. Relies on evidence not submitted. March 22, 2013, letter is not contained within cited exhibit.

17. <u>Plaintiff's Fact No. 27:</u> Fact not material to this motion.

18. <u>Plaintiff's Fact No. 28:</u> Fact not material to this motion. Inflammatory. Plaintiff's cited exhibit contains no cease and desist letter.

19. <u>Plaintiff's Fact No. 29:</u> Fact not material to this motion. Disputed fact. Plaintiff's cited exhibit contains no letter from Wells Fargo regarding the purported cease and desist letter.

20. <u>Plaintiff's Fact No. 30:</u> Hearsay. Plaintiff cites to no exhibits or documents in support of any of the allegations contained within this paragraph.

21. <u>Plaintiff's Fact No. 31:</u> Fact not material to this motion. Hearsay. Plaintiff cites to no exhibits or documents in support of any of the allegations contained within this paragraph.

22. <u>Plaintiff's Fact No. 32:</u> Fact not material to this motion. Hearsay. The exhibit Plaintiff cites does not support the allegations in this paragraph.

23. <u>Plaintiff's Fact No. 34:</u> Facts not material to this motion. Disputed. Hearsay. Assumes facts not in evidence.

24. <u>Plaintiff's Fact No. 35:</u> Fact not material to this motion. Hearsay. Plaintiff's cited exhibit does not contain a response from April Sheppard.

25. <u>Plaintiff's Fact No. 36:</u> Fact not material to this motion. Disputed. Hearsay. Assumes facts not in evidence. Misleading. Plaintiff's fact complains about sending documents sent to Wells Fargo a year prior; however, he had been notified that all new documents must be provided (ECF No. 74-8). The referenced

Case No.: 2:16-CV-00142-SAB
DEFENDANTS' RESPONSE AND OBJECTIONS TO
PLAINTIFF'S STATEMENT OF MATERIAL FACTS - 4

KEESAL, YOUNG & LOGAN
1301 FIFTH AVENUE, SUITE 3100
SEATTLE, WASHINGTON 98101
(206) 622-3790

letter from Mr. Mulholland also notifies Plaintiff of the necessity for new documents – "Please note, the information in the documents must be the most recent you have available, ***and can only be used for 90 days from the date we receive them***." (ECF No. 79-16 at 5) (emphasis added).

26. <u>Plaintiff's Fact No. 37:</u>  Fact not material to this motion.  Assumes facts not in evidence.

27. <u>Plaintiff's Fact No. 39:</u>  Fact not material to this motion. Argumentative.  Misleading. *See* Defendant's objection to Fact No. 36.

28. <u>Plaintiff's Fact No. 40:</u> Fact not material to this motion. Argumentative. Misleading. *See* Defendant's objection to Fact No. 36.

29. <u>Plaintiff's Fact No. 41:</u> Fact not material to this motion. Disputed. Assumes facts not in evidence. Plaintiff has not cited to or provided the "numerous records and other documents" sent to Wells Fargo following its request in 2014.

30. <u>Plaintiff's Fact No. 45:</u> Includes facts not material to this motion. Disputed. Speculative and conclusory. Misstates evidence.

31. <u>Plaintiff's Fact No. 51:</u> Fact not material to this motion.  Disputed. Referenced appraisal report values property at $630,000.

32. <u>Plaintiff's Fact No. 52:</u> Fact not material to motion.  Hearsay. Argumentative.

33. <u>Plaintiff's Fact No. 59:</u>  Fact not material to this motion.  Disputed. Misstates evidence. The July 6, 2015 letter and the March 20, 2015 letter do not request identical information. In March, Wells Fargo requested a hardship letter, proof of occupancy, tax returns, paystubs – 30 days proof of income, financial

Case No.: 2:16-CV-00142-SAB
DEFENDANTS' RESPONSE AND OBJECTIONS TO
PLAINTIFF'S STATEMENT OF MATERIAL FACTS - 5

KEESAL, YOUNG & LOGAN
1301 FIFTH AVENUE, SUITE 3100
SEATTLE, WASHINGTON 98101
(206) 622-3790

worksheet, profit and loss statement, letter of explanation authorizing Wells Fargo to escrow taxes and insurance, and business bank statements for self-employment income. (ECF No. 79-28 at 2-3). In July, Wells Fargo requested a letter explaining how Plaintiff's patent income is paid to him, bank statements from January – March 2015 for the account ending in 5718, bank statements for the account ending in 1756, award letter for patent income, IRS 4506-T for Heracles Research Corporation, and business tax returns for Heracles. (ECF No. 79-36 at 2-3).

34. <u>Plaintiff's Fact No. 60:</u> Fact not material to this motion. Disputed. Best evidence rule. Assumes facts not in evidence.

35. <u>Plaintiff's Fact No. 62:</u> Fact not material to this motion. Disputed. Best evidence rule. Assumes facts not in evidence.

36. <u>Plaintiff's Fact No. 64:</u> Disputed. Misstates evidence. Wells Fargo notified Plaintiff on April 11, 2012, both orally and in writing, that "[Wells Fargo] service[s] your loan on behalf of an investor that has not given us the contractual authority to modify your loan." (ECF No. 74 at ¶¶ 9, 10, Ex. 5 (ECF No. 74-5)).

37. <u>Plaintiff's Fact No. 65:</u> Fact not material to this motion. Disputed. Best evidence rule. Assumes facts not in evidence.

38. <u>Plaintiff's Fact No. 74:</u> Includes Facts not material to this motion. Disputed . Speculative and conclusory. Lacks evidentiary support.

39. <u>Plaintiff's Fact No. 79:</u> Includes facts not material to the motion. Disputed. Best evidence rule. Assumes facts not in evidence.

40. <u>Plaintiff's Fact No. 80:</u> Includes facts not material to this motion. Disputed. Hearsay. Lacks evidentiary support. Plaintiff alleges he received

Case No.: 2:16-CV-00142-SAB
DEFENDANTS' RESPONSE AND OBJECTIONS TO
PLAINTIFF'S STATEMENT OF MATERIAL FACTS - 6

KEESAL, YOUNG & LOGAN
1301 FIFTH AVENUE, SUITE 3100
SEATTLE, WASHINGTON 98101
(206) 622-3790

conflicting information, but points to no evidence in support. Plaintiff points to no document where Wells Fargo informs him he makes too much money or not enough money to qualify for HAMP.

41. <u>Plaintiff's Fact No. 81:</u> Fact not material to this motion. Disputed. Hearsay. Exhibits affixed to the Faust Declaration, filed by Plaintiff, including letters which state: "Please note, the information in the documents must be the most recent you have available, ***and can only be used for 90 days from the date we receive them***." (ECF No. 79-16 at 5) (emphasis added).

42. <u>Plaintiff's Fact No. 82:</u> Includes facts not material to this motion. Disputed. Argumentative. Best evidence rule. Assumes facts not in evidence.

43. <u>Plaintiff's Fact No. 83:</u> Fact not material to this motion. Best evidence rule.

44. <u>Plaintiff's Fact No. 84:</u> Misleading. Plaintiff propounded discovery requests on Wells Fargo seeking the identified information. Wells Fargo objected. In a motion to compel, the Court did not enter an order compelling Wells Fargo to respond. Rather, the Court asked Plaintiff to re-phrase and re-serve the discovery requests. Plaintiff failed to re-serve any discovery requests on Wells Fargo.

45. <u>Plaintiff's Fact No. 85:</u> Disputed. Best evidence rule. Plaintiff points to no evidence that he incurred extra mediation costs or that there is a cloud on the title to his home as a result from any act of Wells Fargo. Plaintiff also provides no actual paid invoices or paid accounting statements from his bookkeeper and accountant supporting his claimed expenses.

Case No.: 2:16-CV-00142-SAB
DEFENDANTS' RESPONSE AND OBJECTIONS TO
PLAINTIFF'S STATEMENT OF MATERIAL FACTS - 7

KEESAL, YOUNG & LOGAN
1301 FIFTH AVENUE, SUITE 3100
SEATTLE, WASHINGTON 98101
(206) 622-3790

# DEFENDANTS' RESPONSES TO PLAINTIFF'S OBJECTIONS AND DISPUTES AS TO MATERIAL FACTS

1. <u>Defendants' Fact No. 6:</u> Plaintiff's objection or response misstates the facts. Plaintiff stated he was attempting to refinance and did not want to discuss loss mitigation options. Refinance and loss mitigation are not the same. Plaintiff's response assumes efforts to refinance are the same as working with loss mitigation.

2. <u>Defendants' Fact No. 19:</u> Plaintiff contends, without any documents in support, that his child support payments have never been $1,650 per month. Documents in evidence, which are signed by Plaintiff under penalty of perjury, state that his spousal/child support obligations are $1,650 per month. There are multiple years and months in which Plaintiff signed a document, under penalty of perjury, stating his child support obligations. *See* ECF No. 79-9 at 5, 79-12 at 6, 79-16 at 18, 79-16 at 43, 79-17 at 22, 79-28 at 14, 79-28 at 52.

3. <u>Defendants' Fact No. 23:</u> Plaintiff's response assumes facts not in evidence. The May 23, 2014 letter from Wells Fargo requests the Homeowners Assistance Form and 2012 signed tax returns. Plaintiff points to no evidence that he submitted his tax returns when requested.

4. <u>Defendants' Fact No. 32:</u> *See* response re Defendants' fact no. 19. Plaintiff's "mistake" of stating his child support obligations were $1,650 was repeated numerous times and through numerous years.

///

///

///

Case No.: 2:16-CV-00142-SAB
DEFENDANTS' RESPONSE AND OBJECTIONS TO
PLAINTIFF'S STATEMENT OF MATERIAL FACTS - 8

KEESAL, YOUNG & LOGAN
1301 FIFTH AVENUE, SUITE 3100
SEATTLE, WASHINGTON 98101
(206) 622-3790

DATED this 22nd day of August, 2018.

/s/ Valerie I. Holder
**Valerie I. Holder, WSBA No. 42968**
Attorney for Defendants
Wells Fargo Bank, N.A. and
HSBC Bank USA, National Association as Trustee for Wells Fargo Asset Securities Corporation, Mortgage Pass-Through Certificates, Series 2007-11
Keesal, Young & Logan
1301 Fifth Avenue, Suite 3100
Seattle, Washington 98101
Telephone: (206) 622-3790
Facsimile: (206) 343-9529
E-mail: valerie.holder@kyl.com

Case No.: 2:16-CV-00142-SAB
DEFENDANTS' RESPONSE AND OBJECTIONS TO
PLAINTIFF'S STATEMENT OF MATERIAL FACTS - 9

KEESAL, YOUNG & LOGAN
1301 FIFTH AVENUE, SUITE 3100
SEATTLE, WASHINGTON 98101
(206) 622-3790

## CERTIFICATE OF SERVICE

I hereby certify that on the date given below, I electronically filed the foregoing DEFENDANTS' RESPONSE AND OBJECTIONS TO PLAINTIFF'S STATEMENT OF MATERIAL FACTS with the Clerk of the Court using the CM/ECF system which will send electronic notification of such filing to the following persons:

Kevin Roberts
Roberts Freebourn, PLLC
1325 W. 1st Ave., Ste 303
Spokane, WA  99201-4600

Counsel for Plaintiff

DATED this 22nd day of August, 2018, at Seattle, Washington.

*/s/ Marcee Stone-Vekich*
Marcee Stone-Vekich

KYL4825-2042-9936.1

Case No.: 2:16-CV-00142-SAB
DEFENDANTS' RESPONSE AND OBJECTIONS TO PLAINTIFF'S STATEMENT OF MATERIAL FACTS - 10

KEESAL, YOUNG & LOGAN
1301 FIFTH AVENUE, SUITE 3100
SEATTLE, WASHINGTON 98101
(206) 622-3790