FILED IN THE
U.S. DISTRICT COURT
EASTERN DISTRICT OF WASHINGTON

Oct 11, 2018

SEAN F. McAVOY, CLERK

UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF WASHINGTON

| | |
|---|---|
| JOHN ADRAIN, an individual,<br><br>　　Plaintiff,<br><br>　　v.<br><br>WELLS FARGO BANK, N.A., a foreign corporation; QUALITY LOAN SERVICE CORPORATION OF WASHINGTON, INC., a Washington corporation; and HSBC BANK USA, N.A., a Maryland corporation,<br><br>　　Defendants. | No. 2:16-cv-00142-SAB<br><br>**ORDER GRANTING DEFENDANTS' MOTION FOR SUMMARY JUDGMENT** |

　　Before the Court is Defendants' Motion for Summary Judgment, ECF No. 69. The Court held a hearing on the motion on September 26, 2018. Kevin Roberts[1] and Stephanie Faust appeared on behalf of Plaintiff, and Valerie Holder appeared on behalf of Defendants. The Court took the matter under advisement.

　　After careful consideration of the parties' briefing and oral presentation, the Court grants Defendants' motion.

//

---

[1] Kevin Roberts appeared telephonically.

**ORDER GRANTING DEFENDANTS' MOTION FOR SUMMARY JUDGMENT ^ 1**

## STATEMENT OF FACTS

In June 2007, Plaintiff John Adrain purchased the home located at 3510 N. Indian Bluff Road, Spokane, Washington (the "Property"), with help from a loan issued by Wells Fargo Bank, N.A. ("Wells Fargo"). Wells Fargo issued the loan in the amount of $652,000 at a fixed interest rate of 6.625 percent. When interest rates dropped, Plaintiff sought to modify his loan.

On April 11, 2012, Wells Fargo notified Plaintiff that investor restrictions on his loan prohibited Wells Fargo from modifying the loan or otherwise reducing the agreed-upon interest rate. Wells Fargo also informed Plaintiff that the investor on his loan did not participate in the Home Affordable Modification Program ("HAMP"). Plaintiff claims that during the months that followed, Wells Fargo contacted Plaintiff offering numerous conflicting statements as to his eligibility for HAMP.

Finally, on November 1, 2012, Plaintiff stopped making his monthly mortgage payments.

On March 10, 2015, Quality Loan Service Corporation of Washington ("QLS")[2] mailed a Notice of Default to Plaintiff. The Notice informed Plaintiff that his loan was due for payment from November 1, 2012 through March 25, 2015, and that Plaintiff was delinquent in the amount of $121,535.40. The Notice also informed Plaintiff that he was eligible for foreclosure mediation. The following day, Plaintiff's representative submitted a Referral to Foreclosure Mediation Form, and the Washington State Department of Commerce referred the parties to foreclosure mediation. The Department of Commerce assigned Linda Pehlke, of Fulcrum Institute Dispute Resolution Center, as the mediator.

---

[2] Plaintiff and Defendant QLS entered into a Stipulation of Nonparticipation, ECF No. 4-1 at 88, whereby QLS agreed not to participate in the action, and agreed to be bound by any Order or Judgment regarding the Property and Deed of Trust, provided that such Order or Judgment is for nonmonetary relief only.

**ORDER GRANTING DEFENDANTS' MOTION FOR SUMMARY JUDGMENT ^ 2**

Foreclosure mediation proved to be unsuccessful. And while the parties did not reach an agreement, Mediator Linda Pehlke certified that the parties mediated in good faith.

Following the failed foreclosure mediation, QLS recorded a Notice of Trustee's Sale and scheduled a foreclosure sale of the Property on May 6, 2016. On March 30, 2016, Plaintiff filed suit in Spokane County Superior Court seeking damages and injunctive relief to prevent the foreclosure sale of the Property. The Spokane County Superior Court granted Plaintiff's request and enjoined Defendants from proceeding with any sale of the Property. Defendants removed the case to this Court on May 4, 2016.

Plaintiff alleges that Wells Fargo's conduct in response to Plaintiff's attempts to refinance and obtain a loan modification improperly placed him in default and foreclosure of the Property. He brings claims under the Washington Consumer Protection Act ("CPA"), Wash. Rev. Code § 19.86.020, the common law tort of negligent misrepresentation, and the Foreclosure Fairness Act ("FFA"), Wash. Rev. Code § 61.21.163.

## STANDARD

Summary judgment is appropriate if the evidence, when viewed in the light most favorable to the non-moving party, shows that there is no genuine issue as to any material fact. Fed. R. Civ. P. 56(a). The moving party has the initial burden of establishing the absence of a genuine dispute of material fact. *Celotex Corp. v. Catrett*, 477 U.S. 317, 322 (1986). If the moving party satisfies this burden, the non-moving party "must go beyond pleading and identify facts which show a genuine issue for trial." *Cline v. Indus. Maint. Eng'g & Contracting Co.*, 200 F.3d 1223, 1229 (9th Cir. 2000) (citing *Celotex Corp.*, 477 U.S. at 323-24). "[A] party opposing a properly supported motion for summary judgment may not rest upon the mere allegations or denials of his pleadings, but . . . must set forth specific

**ORDER GRANTING DEFENDANTS' MOTION FOR SUMMARY JUDGMENT ^ 3**

facts showing there is a genuine issue for trial." *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248 (1986) (internal quotation marks omitted). "[T]here is no genuine dispute of material fact unless there is sufficient evidence favoring the non-moving party for a jury to return a verdict for that party. If the evidence is merely colorable, or is not significantly probative, summary judgment may be granted." *Anderson*, 477 U.S. at 249-50 (internal citations omitted).

## DISCUSSION

### I. Washington Consumer Protection Act

The CPA prohibits "[u]nfair methods of competition and unfair or deceptive acts or practices in the conduct of any trade or commerce." Wash. Rev. Code § 19.86.020. To prevail on a CPA claim, a plaintiff must prove (1) an unfair or deceptive act or practice; (2) occurring in trade or commerce; (3) affecting the public interest; (4) injury to a person's business or property; and (5) causation. *Panag v. Farmers Ins. Co. of Wash.*, 166 Wn.2d 27, 37 (2009). "Failure to satisfy even one of the elements is fatal to a CPA claim." *Sorrel v. Eagle Healthcare, Inc.*, 110 Wn. App. 290, 298 (2002). Plaintiff's CPA claim fails for a number of reasons.

*(1) Unfair or Deceptive Act.*

First, Plaintiff fails to identify any unfair or deceptive act on the part of Wells Fargo. An unfair or deceptive act or practice need not be intended to deceive; it need only have "the capacity to deceive a substantial portion of the public." *Hangman Ridge Training Stables, Inc. v. Safeco Title Ins. Co.*, 105 Wn.2d 778, 785 (1986). A "knowing failure to reveal something of material importance is 'deceptive' within the CPA." *Indoor Billboard/Washington, Inc. v. Integra Telecom of Wash., Inc.*, 162 Wn.2d 59, 75 (2007). "Deception exists if there is a representation, omission or practice that is likely to mislead a reasonable consumer." *Panag*, 166 Wn.2d at 50. "Whether an action constitutes an unfair or

**ORDER GRANTING DEFENDANTS' MOTION FOR SUMMARY JUDGMENT ^ 4**

deceptive practice is a question of law." *Columbia Physical Therapy, Inc., P.S. v. Benton Franklin Orthopedic Assoc., P.L.L.C.*, 168 Wn.2d 421, 442 (2010).

In this case, Plaintiff claims Wells Fargo engaged in an unfair or deceptive act in the following ways: Wells Fargo's requests for duplicative documents and misleading communications during Plaintiff's attempts to modify his loan, Wells Fargo's conduct during the foreclosure mediation process, and Wells Fargo's alleged failure to notify Plaintiff of changes made to the Security Instrument on his loan.

Wells Fargo's conduct in response to Plaintiff's requests for a loan modification do not constitute an unfair or deceptive practice because there is no evidence to suggest these actions have "the capacity to deceive a substantial portion of the public." *Hangman*, 105 Wn.2d at 785. Plaintiff claims that when he began the loan modification process, Wells Fargo would request Plaintiff to submit additional documents. Plaintiff claims he would submit the documents, only to have Wells Fargo request the same documents he submitted previously. Plaintiff also claims he received conflicting correspondence about his eligibility for HAMP, leading Plaintiff to believe he was, in fact, HAMP eligible.

The evidence shows these were private communications between Wells Fargo and Plaintiff about a mortgage loan issued to Plaintiff. There is no evidence to suggest this conduct has "the capacity to deceive a substantial portion of the public." *Hangman*, 105 Wn.2d at 785.

Plaintiff also claims Wells Fargo's alleged failure to mediate in good faith constitutes an unfair or deceptive act. The Washington Foreclosure Fairness Program outlines the procedures, duties, and responsibilities of the parties engaging in foreclosure mediation. *See generally* Wash. Rev. Code § 61.24.163.

The foreclosure mediation program guidelines require the mediator to send a written notice of the time, date and location of the mediation session to the

**ORDER GRANTING DEFENDANTS' MOTION FOR SUMMARY JUDGMENT ^ 5**

borrower, beneficiary, and the Department of Commerce at least thirty days prior to the mediation session. Wash. Rev. Code § 61.24.163(7)(b). The notice must also contain "a statement that the parties have a duty to mediate in good faith and that failure to mediate in good faith may impair the beneficiary's ability to foreclosure on the property or the borrower's ability to modify the loan or take advantage of other alternatives to foreclosure." *Id*. § 61.24.163(7)(b)(iii). At the conclusion of mediation, the mediator must send out a written certification to the parties indicating, among other things, "whether the parties participated in mediation in good faith." *Id*. § 61.24.163(12)(d).

A mediator may find a party violated the duty to mediate in good faith for a number of reasons, including:

(1) "Failure to timely participate in mediation without good cause;"

(2) "Failure of the borrower or the beneficiary to provide the documentation required before mediation or pursuant to the mediator's instructions;"

(3) "Failure of a party to designate representatives with adequate authority to fully settle, compromise, or otherwise reach resolution with the borrower in mediation;" and

(4) "A request by a beneficiary that the borrower waive future claims he or she may have in connection with the deed of trust, as a condition of agreeing to a modification, except for rescission claims under the federal truth in lending act[.]" *Id*. § 61.24.163(10).

A party's failure to mediate in good faith constitutes an unfair or deceptive act in violation of the CPA. Wash. Rev. Code § 61.24.135(2).

The issue in this case is that Mediator Pehlke certified that the parties mediated in good faith. Plaintiff argues that, despite this good faith certification, the facts show Wells Fargo mediated in bad faith.

**ORDER GRANTING DEFENDANTS' MOTION FOR SUMMARY JUDGMENT ^ 6**

The statute is silent as to whether a party to the mediation can challenge a mediator's certification of good faith. And Plaintiff fails to identify any authority to suggest otherwise. *See Sergeant v. Bank of Am.*, *N.A.*, No. C17-5232 BHS, 2018 WL 1427345, at *4 (W.D. Wash. Mar. 22, 2018). Additionally, Plaintiff's conclusory allegations that Mediator Pehlke was biased in her decision to issue a good faith certification do not save Plaintiff's claim. *See Anderson*, 477 U.S. at 249-50 ("If the evidence is merely colorable, or is not significantly probative, summary judgment may be granted.").

Finally, Plaintiff claims Wells Fargo engaged in an unfair or deceptive act when it failed to notify him of a change to his Loan Servicer, and when it issued to Plaintiff a loan with HAMP protections and later sold it to an investor who refused to participate in HAMP. Both arguments lack any merit.

> The Deed of Trust provides:
> The Note or a partial interest in the Note (together with this Security Instrument) can be sold one or more times without prior notice to Borrower. A sale might result in a change in the entity (known as the "Loan Servicer") … If there is a change of the Loan Servicer, Borrower will be given written notice of the change …

ECF No. 79-52 ¶ 20. Plaintiff's argument fails because Wells Fargo has, at all times, been the Loan Servicer of Plaintiff's loan. ECF No. 74 ¶ 4.

Moreover, the HAMP was created in 2009, two years after Plaintiff's loan was issued. It cannot be said that Plaintiff's loan contained the protections of a program that had not yet been created.

Thus, Plaintiff has failed to identify any unfair or deceptive act that is actionable under the CPA.

*(2) Affecting the Public Interest.*

Plaintiff's CPA claim also fails because there is no evidence that any alleged unfair or deceptive act or practice affects the public interest. A claimant may establish that the act or practice is injurious to the public interest because it:

**ORDER GRANTING DEFENDANTS' MOTION FOR SUMMARY JUDGMENT ^ 7**

(1) Violates a statute that incorporates this chapter;

(2) Violates a statute that contains a specific legislative declaration of public interest impact; or

(3) (a) injured other persons; (b) had the capacity to injure other person; or

(c) has the capacity to injure other persons.

Wash. Rev. Code § 19.86.093.

"Ordinarily, a breach of a private contract affecting no one but the parties to the contract is not an act or practice affecting the public interest." *Hangman*, 105 Wn.2d at 790. "[I]t is the likelihood that additional plaintiffs have been or will be injured *in exactly the same fashion* that changes a factual pattern from a private dispute to one that affects the public interest." *Id*. (emphasis added).

Factors indicating public interest impact in this context include: (1) Were the alleged acts committed in the course of defendant's business? (2) Did defendant advertise to the public in general? (3) Did defendant actively solicit this particular plaintiff, indicating potential solicitation of others? (4) Did plaintiff and defendant occupy unequal bargaining position? *Rush v. Blackburn*, 190 Wn. App. 945, 969 (2015) (citing *Hangman*, 105 Wn.2d at 790-91). "Not one of these factors is dispositive, nor is it necessary that all be present." *Hangman*, 105 Wn.2d at 791.

Plaintiff has failed to offer any evidence that would allow a reasonable jury to find Wells Fargo's alleged unfair or deceptive act affects the public interest. The evidence shows this was a private dispute between Plaintiff and Wells Fargo regarding the specific terms of his mortgage loan.

### (3) *Injury to Business or Property and Causation*

Finally, there is no genuine dispute of material fact that any injury to Plaintiff was proximately caused by Wells Fargo's conduct. Plaintiff's alleged injuries are tied to his decision to stop making his monthly mortgage payments.

**ORDER GRANTING DEFENDANTS' MOTION FOR SUMMARY JUDGMENT ^ 8**

*See Massey v. BAC Home Loans Servicing LP*, No. C12-1314JLR, 2013 WL 6825309, at * 8 (W.D. Wash. Dec. 23, 2013) ("Any injuries associated with the foreclosure proceedings, including the bankruptcy filing, 'damage to [her] credit,' and the alleged 'loss of any equity in my home and the loss of my down payment,' were caused solely by her own default."); *Babrauskas v. Paramount Equity Mortg.*, No. C13-0494RSL, 2013 WL 5743903, *4 (W.D. Wash. Oct. 23, 2013 (finding no injury under the CPA because "plaintiff's failure to meet his debt obligations is the 'but for' cause of the default, the threat of foreclosure, any adverse impact on his credit, and the clouded title").

In sum, Plaintiff has failed to offer sufficient evidence that would allow a reasonable jury to return a verdict in his favor on his CPA claim. As a result, summary judgment in favor of Defendants is appropriate.

## II. Negligent Misrepresentation.

Plaintiff's negligent misrepresentation claim is based on Wells Fargo allegedly providing conflicting information about Plaintiff's eligibility for HAMP. Washington law recognizes the tort of negligent misrepresentation. *Haberman v. Wash. Pub. Power Supply Sys.*, 109 Wn.2d 107, 161-62 (1987). To bring a claim of negligent misrepresentation, a plaintiff must "provide by clear, cogent, and convincing evidence that (1) the defendant supplied information for the guidance of others in their business transactions that was false; (2) the defendant knew or should have known that the information was supplied to guide the plaintiff in his business transactions; (3) the defendant was negligent in obtaining or communicating the false information; (4) the plaintiff relied on the false information; (5) the plaintiff's reliance was reasonable; and (6) the false information proximately caused the plaintiff damages." *Austin v. Ettl*, 171 Wn. App. 82, 87 (2012).

**ORDER GRANTING DEFENDANTS' MOTION FOR SUMMARY JUDGMENT** ^ 9

Plaintiff's negligent misrepresentation claim fails for the same reason his CPA claim fails: Plaintiff's alleged damages were proximately caused by Plaintiff's decision to stop making his monthly mortgage payments, not Wells Fargo's conflicting information about Plaintiff's HAMP eligibility. There being no genuine dispute of material fact, summary judgment in favor of Defendants is appropriate.

### III. Foreclosure Fairness Act.

Plaintiff's FFA claim fails as a matter of law. The FFA is a subchapter of the Deed of Trust Act ("DTA") and created the Foreclosure Mediation program outlined above. Plaintiff's claim is that Wells Fargo failed to abide by the rules governing foreclosure mediation.

Plaintiff's claim fails because one cannot bring a claim for damages for violation of the DTA unless there has been a completed foreclosure sale. *See Frias v. Asset Foreclosure Serv., Inc.*, 181 Wn.2d 412, 422-23 (2014) (holding that Washington "does not recognize an independent cause of action under the DTA seeking monetary damages for alleged DTA violations absent a completed foreclosure sale."). In this case, a foreclosure sale has not occurred. Thus, summary judgment in favor of Defendants is appropriate.

//
//
//
//
//
//
//
//
//
//

**ORDER GRANTING DEFENDANTS' MOTION FOR SUMMARY JUDGMENT ^ 10**

# CONCLUSION

There being no genuine dispute of material fact, the Court grants Defendants' Motion for Summary Judgment.

**IT IS HEREBY ORDERED:**

1. Defendants' Motion for Summary Judgment, ECF No. 69, is **GRANTED**.

2. Judgment shall be entered against Plaintiff and in favor of Defendants.

**IT IS SO ORDERED.** The Clerk of Court is directed to enter this Order, forward copies to counsel, and **close the file**.

**DATED** this 11th day of October 2018.

_____
Stanley A. Bastian
United States District Judge

**ORDER GRANTING DEFENDANTS' MOTION FOR SUMMARY JUDGMENT ^ 11**